UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS GOMEZ,<br><br>Defendant. | Case No. 4:16-cr-00129-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it Defendant's Motion for New Trial or Declaration of Mistrial (Dkt. 42). For the reasons explained below, the Court will deny the motion.

**LEGAL STANDARD**

Gomez asks for a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 states that "[u]pon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a ). The power to grant a motion for a new trial "is much broader than its power to grant a motion for judgment of acquittal." *U.S. v. Alston*, 974 F.2d 1206, 1211 (9th Cir.1992). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id*. "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious

miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id*. at 1211–12.

## ANALYSIS

Gomez states two reasons why he is entitled to a new trial. First, he suggests that, in his opening statement and closing argument, the prosecutor overstated the evidence by suggesting Gomez shot the victim in the back of the head execution style. Second, he argues that the prosecutor improperly vouched for the government's case and witnesses.

Regarding the first argument, during his opening statement the prosecutor did indicate that the evidence would show that Gomez shot the victim in the back of the head. More specifically, he said that Gomez shot the victim in the back of the head "right below the ear." Later in his opening statement, he indicated that Gomez pointed the gun at the back of the victim's head, and that he fired the gun into the victim's neck, killing him. In his closing argument, he also stated that Gomez pointed the gun at the back of the victim's head and pulled the trigger.

But the prosecutor also described in some detail the circumstances surrounding the shooting. He told the jury about other individuals at the residence where the shooting occurred, he explained that there were drugs and alcohol involved, and he talked about what the individuals were doing before and after the shooting. The prosecutor did not state that Gomez simply shot the victim "execution style."  Nor did he infer that the slaying was "execution style" without giving context to the events of the shooting.

Under these circumstances, the Court finds that the totality of the government's opening statement and closing argument did not overstate the evidence in a way that prejudiced Gomez. The exhibits and medical testimony at trial showed that the victim was, in fact, shot below the ear in the neck area. There was also medical testimony that there were no defense wounds, and that the gun was in contact with the victim when it was fired. And there was witness testimony indicating that the victim was looking down when Gomez shot him from behind. Thus, although the prosecutor's reference to the "back of the head" may have been somewhat technically inaccurate, it was not misleading or prejudicial – especially where government counsel specifically included language that the shot was fired "right below the ear" and in the "neck." Thus, the interest of justice does not require a new trial based upon the "back of the head" language.

Regarding the vouching argument, the Court *sua sponte* raised this issue during trial. Specifically, the Court was concerned with the prosecutor's statement that while he did not know why Gomez shot the victim, he did know about some facts surrounding the shooting. The parties agreed that the Court should give a curative instruction, and the Court gave one. In the instruction, the Court reminded the jury about one of its opening instructions, which states that statements and arguments of the attorneys, questions and objections of the attorneys, and testimony that the Court instructs the jury to disregard is not evidence and they must not consider them as evidence. The Court then explained that during his opening statement, the prosecutor made statements to the effect that he knew Gomez walked into the room with a sawed-off shotgun, that he knew that Gomez told the

victim he should F---ing shoot him, and that he knew that Gomez pointed the gun at the back of the victim's head. The Court instructed the jury that these are the types or statements of an attorney which are not to be considered as evidence and that they were to disregard these statements. The Court told the jury that it was improper for the prosecutor to suggest that he knew anything about the facts of the case from his own personal knowledge.

The Court finds that the curative instruction was sufficient. This is particularly true where Gomez never disputed that he shot and killed the victim. In fact, in his closing argument, defense counsel acknowledged that Gomez was guilty of manslaughter, arguing only that he was not guilty of second-degree murder. Under these circumstances, the interest of justice does not require a new trial.

## ORDER

**IT IS ORDERED:**

1. Defendant's motion for New Trial or Declaration of Mistrial (Dkt. 42) is **DENIED**.

DATED: June 9, 2017

B. Lynn Winmill
Chief Judge
United States District Court